UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD P. GAMBINO, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' PENSION FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' SUPPLEMENTARY HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' DEFERRED INCOME FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' JOINT APPRENTICE AND TRAINING FUND, LOCAL 103, I.B.E.W.; ELECTRICAL WORKERS' EDUCATIONAL AND CULTURAL FUND; LAWRENCE J. BRADLEY, as he is EXECUTIVE SECRETARY-TREASURER, NATIONAL ELECTRICAL BENEFIT FUND,
    Plaintiffs,

vs.

INSIDE CABLE, INC.,
    Defendant,

and

DIGITAL FEDERAL CREDIT UNION,
    Trustee.

C.A. No.

## VERIFIED COMPLAINT

### NATURE OF ACTION

1.  This is an action brought pursuant to §§502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132(a)(3) and (d)(1) and 1145 and pursuant to §301 of the Labor Management Relations Act ("LMRA"), as amended, 29 U.S.C. §185, by employee benefit plans to enforce the obligation to pay fringe benefit contributions due to the plans under the terms of a collective bargaining agreement and the plans.

## JURISDICTION

2. The Court has exclusive jurisdiction of this action pursuant to §502(a), (e) and (f) of ERISA, 29 U.S.C. §1132(a), (e) and (f), and §301 of the LMRA, as amended, 29 U.S.C. §185, without respect to the amount in controversy or the citizenship of the parties.

## PARTIES

3. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

4. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Pension Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Pension Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

5. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Supplementary Health and Welfare Fund, Local 103, I.B.E.W. is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

6. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Deferred Income Fund, Local 103, I.B.E.W. is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

7. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Joint Apprenticeship and Training Trust Fund, Local 103, I.B.E.W. Richard P. Gambino is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The Electrical Workers' Joint Apprenticeship Training Trust Fund is an "employee welfare benefit plan" within the meaning of §3(1) of ERISA, 29 U.S.C. §1002(1). The Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

8. Plaintiff Richard P. Gambino is the Administrator of the Electrical Workers' Educational and Cultural Fund, Local 103, I.B.E.W. The Electrical Workers' Educational and Cultural Fund is administered at 256 Freeport Street, Boston, Massachusetts, within this judicial district.

9. Plaintiff Lawrence J. Bradley is the Executive Secretary-Treasurer of the National Electrical Benefit Fund. Bradley is a fiduciary within the meaning of §3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A). The National Electrical Benefit Plan is an "employee pension benefit plan" within the meaning of §3(2)(A) of ERISA, 29 U.S.C. §1002(2)(A). The Fund is administered at 2400 Research Boulevard, Suite #500, Rockville, Maryland.

10. The Health and Welfare, Pension, Supplementary Health and Welfare, Deferred Income, Joint Apprenticeship and Training Fund, and National Electrical Benefit Fund are multi-

employer plans within the meaning of §3(37)(A) of ERISA, 29 U.S.C. §1002(37)(A). They are hereinafter collectively referred to as "the Funds."

11. Defendant Inside Cable, Inc. (hereinafter "Inside") is a New York corporation with a principal place of business at 10 State Street, Suite 1D, Woburn, Massachusetts, and is an employer engaged in commerce within the meaning of §3(5) and (12) of ERISA, 29 U.S.C. §1002(5) and (12) and within the meaning of §301 the LMRA, 29 U.S.C. §185.

12. Upon information and belief, Digital Federal Credit Union is a banking institution holding assets of the Defendant.

## GENERAL ALLEGATIONS OF FACT

13. On or about May 11, 2005, Inside signed a Letter of Assent authorizing the Boston Chapter, NECA as its collective bargaining representative for all matters contained in, or pertaining to, the then current and any subsequent collective bargaining agreements between Boston Chapter, NECA and Local Union, 103, I.B.E.W. A copy of Inside's signed agreement ("Letter of Assent") is attached hereto as Exhibit A.

14. Inside has been a party to successive collective bargaining agreements, including the agreement which is currently effective for the period September 1, 2006 through August 31, 2011, a copy of which is attached hereto as Exhibit B ("NECA Agreement").

15. The NECA Agreement, like its predecessor agreements, requires signatory employers to make contributions to Plaintiff Funds for each hour worked by covered employees. The NECA Agreement specifies the amount to be contributed by an employer to each of Plaintiff Funds for each hour worked and specifies further that these amounts are to be paid by the 15th of the subsequent month.

16. Section 502(g)(2) of ERISA mandates that a signatory contractor such as Inside

pay interest using the rate provided under the relevant plan, if applicable. 29 U.S.C. §1132(g)(2). Here, Section 6.37(f) of the NECA Agreement provides that a delinquent fee must be paid for all payments made after the 15th of the month. The Trustees of the Funds have determined that the delinquent fee to be charged on the late payment of contributions be set at 1.5 percent per month. See Funds' Collection Policy, §4.05, attached hereto as Exhibit C.

17. Inside has failed to pay any contributions for work performed by its employees during the months of November, 2007 through March, 2008. Upon information and belief, Inside has conducted work during this period of time. The amount owed for the aforementioned months is currently unliquidated because Inside has also failed to submit remittance reports to the Funds which would delineate the hours worked by each of its employees. On information and belief, the contributions owed for work performed by Inside's employees at certain jobsites between November, 2007 and March, 2008 amount to at least $40,054.63.

18. Funds' counsel sent letters to Inside via first class and certified mail, return receipt requested, on February 6 and March 20, 2008, demanding payment of contributions for the delinquent months. Copies of these letters, along with the return receipts, are attached hereto as Exhibit D.

## COUNT I - VIOLATION OF ERISA - UNPAID CONTRIBUTIONS

19. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 18 above.

20. Absent an order from this Court, the Defendant will continue to refuse and fail to pay the as-yet unliquidated amount of contributions it owes the Funds for the months of November, 2007 through March, 2008, and the Funds and their participants will be irreparably damaged.

21. A copy of this Complaint is being served upon the Secretary of Labor and the Secretary of the Treasury by certified mail as required by §502(h) of ERISA, 29 U.S.C. §1132(h).

## COUNT II - VIOLATION OF COLLECTIVE BARGAINING AGREEMENT

22. Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 21 above.

23. The failure of Inside to pay contributions owed on behalf of all covered employees and to pay interest on these late payments violates the terms of the NECA Agreement.

## RELIEF REQUESTED

WHEREFORE, Plaintiffs request this Court to grant the following relief:

a. Order the attachment by trustee process of the bank accounts of Inside held by Digital Federal Credit Union;

b. Order the attachment of the machinery, inventory and accounts receivable of Inside;

c. Enter a preliminary and permanent injunction enjoining Inside from refusing or failing to make payment of contributions owed to Plaintiff Funds;

d. Order Inside to make available to the Plaintiff Funds or their duly authorized representative all of its payroll records, including, but not limited to, file copies of contribution reports, payroll tax returns, employees' earning records and hours worked, weekly payroll registers, certified payrolls, cash disbursement journals and a complete listing of all job locations for the period November 1, 2007 until the date of the Court's order for the purpose of ascertaining the amounts, if any, of unpaid contributions owed for that period;

e.  Enter a preliminary and permanent injunction enjoining Inside from refusing or failing to permit the Plaintiff Funds to audit the payroll records as prayed for in the preceding paragraph;

f.  Enter judgment in favor of the Plaintiff Funds on Count I in an as-yet unliquidated amount, representing contributions owed for November, 2007 through March, 2008, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, together with interest on the unpaid contributions, liquidated damages, attorneys' fees and costs, pursuant to 29 U.S.C. §1132(g)(2);

g.  Enter judgment in favor of the Plaintiff Funds on Count II in an as-yet unliquidated amount, representing contributions owed for November, 2007 through March, 2008, plus any additional amounts determined by the Court to be owed the Funds or which may become due during the pendency of this action, attorneys' fees and costs, in accordance with the collective bargaining agreement; and

h.  Such further and other relief as this Court may deem appropriate.

Respectfully submitted,

RICHARD P. GAMBINO, as he is ADMINISTRATOR, ELECTRICAL WORKERS' HEALTH AND WELFARE FUND, LOCAL 103, I.B.E.W., *et al.*,

By their attorneys,

/s/ Kathryn S. Shea
Kathryn S. Shea
BBO #547188
Segal Roitman, LLP
111 Devonshire Street, 5th Floor
Boston, MA  02109
(617) 742-0208 Ext. 230
kshea@segalroitman.com

Dated: May 8, 2008

## VERIFICATION

I, Richard P. Gambino, Administrator for the Electrical Workers' Health & Welfare Fund, Local 103, I.B.E.W., verify that I have read the above Complaint, and the allegations set forth therein are true and accurate based on my personal knowledge, except for those allegations based on information and belief, and, as to those allegations, I believe them to be true.

SIGNED UNDER THE PAINS AND PENALTIES OF PERJURY THIS 8th DAY OF MAY, 2008.

_____
Richard P. Gambino

ARS/ars
3013 06-292/complt.doc